IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| VICTORIA R. KORDA, | Case No. 24-cv-00311-DKW-WRP |
| Plaintiff, | **ORDER (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND[1]** |
| vs. | |
| LESLIE KOBAYASHI, | |
| Defendant. | |

On July 24, 2024, Plaintiff Victoria Korda, proceeding *pro se*, filed a Complaint against Judge Leslie Kobayashi—a federal judge for the District of Hawaiʻi.  Dkt. No. 1.  Less than a week later, on July 29, 2024, Korda filed an Amended Complaint ("FAC").  Dkt. No. 5.  Therein, Korda asserts that Judge Kobayashi "Put [her] life In Danger Health Wise" and seeks "Protection Services" to prevent Judge Kobayashi "Sending [her] Fraud Thrue [sic] the Mail Or In The Mail."  Dkt. No. 5 at 4–5.  Finally, on August 19, 2024, Korda filed an application to proceed *in forma pauperis* ("IFP Application").  Dkt. No. 8.

I.    **IFP Application**

Pursuant to 28 U.S.C. § 1915(a)(1), federal courts may authorize the commencement of suit without prepayment of fees or securities by a person who

---

[1]Pursuant to Local Rule 7.1(d), the Court finds these matters suitable for disposition without a hearing.

submits an affidavit which demonstrates that they lack the ability to pay.  Though an IFP applicant need not demonstrate absolute destitution, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), she must "allege poverty with some particularity, definiteness, and certainty."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quotation marks and citations omitted).  The affidavit is sufficient where it alleges that the applicant "cannot pay the court costs and still afford the necessities of life."  *Id.* (citing *Adkins*, 335 U.S. at 339); *see* 28 U.S.C. § 1915(a)(1).

Here, Korda has made the requisite showing under Section 1915(a).  In her IFP Application, Korda asserts that she receives $1,000 per month in disability or worker's compensation payments.[2]  Dkt. No. 8 at 1.  Although she has no monthly expenses and no dependents, she also has no money in cash or in a checking or savings account, no assets or items of value, and owes approximately $1,000 to Queens Hospital.  *Id.* at 2.  In light of these figures, the Court finds that Korda lacks sufficient income or assets to pay the filing fee while still affording the necessities of life.  *See Escobedo*, 787 F.3d at 1234–36.  Her IFP Application, Dkt. No. 8, is therefore GRANTED.

---

[2]Korda's income falls below the poverty threshold identified by the Department of Health and Human Services ("HHS") 2024 Guidelines for Hawai'i.  *See* HHS Poverty Guidelines, available at: https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines

## II.    <u>Screening</u>

When a plaintiff files an action *in forma pauperis* pursuant to 28 U.S.C.

§ 1915(a), the Court subjects it to mandatory screening and may order the

dismissal of any claim it determines "is frivolous or malicious; fails to state a claim

upon which relief may be granted; or seeks monetary relief from a defendant who

is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Though the Court must

liberally construe a *pro se* complaint, *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th

Cir. 1987), the Court cannot act as counsel for a *pro se* litigant, including by

providing the essential elements of a claim.  *Pliler v. Ford*, 542 U.S. 225, 231

(2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.

1982).  The litigant's "complaint must contain sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quotation marks and citations omitted).

Here, no matter how liberally construed, the FAC does not come close to

stating a plausible claim for relief.  For example, although Korda asserts that Judge

Kobayashi "Put [her] life In Danger Health Wise" such that she "Had To go On

Medical leave on 7/22/24," she fails to provide *any* factual detail contextualizing

how Judge Kobayashi may have done so.  *See* Dkt. No. 5 at 4.  Similarly, while

Korda claims that there "is A Ongoing Problem" of Judge Kobayashi sending her

"Fraud" through the "Mail," she provides *no* information explaining what Judge

Kobayashi did to commit such fraud or in what context.  *See id.* at 4–5.  Such conclusory statements, bereft of any factual support, are far from sufficient to state a plausible claim for relief.  *See Iqbal*, 556 U.S. at 678 (explaining "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  As such, the FAC must be DISMISSED.

Should Korda wish to proceed with this action, she may attempt to remedy these deficiencies by filing a Second Amended Complaint ("SAC").  *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (holding "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").  To do so, Korda must briefly and plainly explain to the Court: (1) the specific basis for the Court's jurisdiction; (2) the constitutional, statutory, or legal rights she believes were violated; (3) the names of the defendants who violated those rights; (4) each defendant's precise actions or inactions; (5) when each defendant acted or failed to act; (6) how each defendant's actions or inactions are connected to the alleged violations of her rights; and (7) the specific injuries that she suffered as a result of each defendant's conduct.

Korda may have until **September 6, 2024** to file a SAC.  **The Court cautions Korda that failure to file a SAC, consistent with the guidance in this Order, by that date will result in the automatic dismissal of this action without prejudice or further notice.**

The Clerk of Court is DIRECTED to serve Korda with a copy of the form "Pro Se 2" "Complaint and Request for Injunction."

IT IS SO ORDERED.

DATED: August 21, 2024 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge

Victoria R. Korda v. Leslie Kobayashi; Civil No. 24-00311 DKW-WRP; **ORDER (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND**