IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| VICTORIA R. KORDA,<br><br>Plaintiff,<br><br>vs.<br><br>LESLIE KOBAYASHI,<br><br>Defendant. | Case No. 24-cv-00311-DKW-WRP<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE PURSUANT TO PLAINTIFF'S AS-CONSTRUED NOTICE OF VOLUNTARY DISMISSAL** |

On August 21, 2024, the Court issued an Order granting Plaintiff Victoria Korda's application to proceed *in forma pauperis* and dismissing her First Amended Complaint ("FAC") with leave to amend. Dkt. No. 9. Therein, after providing guidance, the Court cautioned Korda that failure to file a Second Amended Complaint ("SAC") by September 6, 2024 would result in the dismissal of her action without prejudice or further notice. *Id.* at 4. On that date, however, instead of filing a SAC, Korda filed a document titled, "Ex Parte Motion To Close." Dkt. No. 10. Korda explains that she declines to "Amend [] Complaint Due To USDC Civil liability. New Evidence" and instead seeks "To Close" her case. *Id.* at 1.

Rule 41 of the Federal Rules of Civil Procedure provides that a plaintiff may voluntarily dismiss an action without a court order by filing either:

>   (i)   a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>   (ii)  a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A). If an opposing party has answered, moved for summary judgment, and/or refused to stipulate to dismissal, the action may be dismissed "at the plaintiff's request only by court order [and] on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

Here, no Defendant has *appeared*, much less answered or filed a motion for summary judgment.[1] As such, in light of Korda's representations, the Court construes her "Ex Parte Motion To Close" as notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).[2] This action is therefore DISMISSED WITHOUT PREJUDICE by operation of law. *See Com. Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1078 (9th Cir. 1999) ("[I]t is beyond debate that a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it."); Fed. R. Civ. P. 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice.").

---

[1] Of course, this is not surprising given that the Court screened and dismissed Korda's FAC under 28 U.S.C. § 1915(e) before it was served. *See* Dkt. No. 9.

[2] Because Korda is *pro se*, the Court construes her filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 91 (2007).

The Clerk of Court is instructed to CLOSE this case.

IT IS SO ORDERED.

DATED: September 11, 2024 at Honolulu, Hawai'i.



/s/ Derrick K. Watson

Derrick K. Watson
Chief United States District Judge

---

*Victoria R. Korda v. Leslie Kobayashi*; Civ. No. 24-00311 DKW-WRP; **ORDER DISMISSING CASE WITHOUT PREJUDICE PURSUANT TO PLAINTIFF'S AS-CONSTRUED NOTICE OF VOLUNTARY DISMISSAL**